UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUDY MCKELVEY ) | |
| ) | No. 1:04-cv-160 |
| *Plaintiff,* ) | |
| vs. ) | *Edgar/Carter* |
| ) | |
| CHATTANOOGA PUBLISHING COMPANY ) | JURY DEMAND |
| ) | |
| *Defendant.* ) | |

MEMORANDUM and ORDER

This matter is presently before the Court on defendant's motion to compel a physical and mental examination of plaintiff (Court File No. 21). The Court previously reserved ruling on the motion pending the filing of the plaintiff's amended initial disclosures. Plaintiff has filed her amended initial disclosures listing individuals likely to have discoverable information. One physician, Dr. Tonya Holsey, was included in the list of individuals likely to have discoverable information. The disclosures reflect that Dr. Holsey is the physician who treated the plaintiff for high blood pressure and stress, the conditions for which she requested and was approved for Family and Medical Leave.

A hearing was held on the defendant's motion on May 6, 2005, and the Court reserved ruling on the motion pending the supplemental disclosures. For the reasons stated herein, said motion is **DENIED**.

Plaintiff has brought this action alleging "race discrimination in employment in violation of the Tennessee Human Rights Act, Title VII, and violation of the Family and Medical Leave Act" (Court File No. 1). In her complaint, plaintiff states she suffered a mental and physical illness as a direct result of defendant's discriminatory and harassing treatment. Plaintiff contends she has

1

suffered mental anguish and seeks damages for humiliation, embarrassment, and emotional distress. During the hearing defendant's counsel stated the Family and Medical Leave Act permits employers to obtain a second opinion as to the qualifying medical condition. Defendant's counsel contends plaintiff refused to obtain a second opinion as to the existence of the qualifying medical condition and ultimately quit her job; they did not terminate her. Defendant relies on these events to support its request to have plaintiff physically and mentally examined.

In the complaint itself, plaintiff does not seek damages for any physical injury or permanent and/or ongoing mental distress or injuries resulting from the alleged discrimination and harassment. At the May 6, 2005 hearing, plaintiff's counsel stated plaintiff does not seek damages for ongoing mental distress or a permanent psychological injury; the damages plaintiff seeks for emotional distress are only for that distress which she experienced during the time the discrimination and harassment were ongoing.

Plaintiff contends that because the damages she seeks for emotional distress are only for that distress which she experienced during the time that the discrimination and harassment were ongoing, the defendant is not entitled to a Rule 35 mental or physical examination. While the Sixth Circuit has not addressed this particular issue, numerous other courts have. The majority view of these courts is that a plaintiff has not put his mental state into question for purposes of a Rule 35 examination by seeking damages for emotional distress in employment discrimination cases where none of the following circumstances exist: 1) the plaintiff seeks recovery for a specific type of psychological injury or disorder or for ongoing emotional distress and suffering, 2) the plaintiff sets forth a separate tort claim for emotional distress, 3) the plaintiff seeks punitive damages, or 4) the plaintiff seeks to introduce the testimony of a psychiatric or psychological expert at trial to support

2

his claim. *See e.g.*, *Lahr v. Fulbright & Jawaorski, L.L.P.* 164 F.R.D. 196 (N.D. Tex. 1995); *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995); *Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216 (S.D.N.Y. 1994); *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525 (M.D. Fla. 1988); *Cody v. Marriott Corp.*, 103 F.R.D. 421 (D. Mass. 1984). In the instant case, none of these circumstances exist. At the hearing, plaintiff's counsel stated plaintiff will not use a psychiatric or psychological expert at trial and the only healthcare person who treated her for emotional distress during the time that the discrimination and harassment allegedly occurred was her physician. And, as previously stated, the damages plaintiff seeks for emotional distress are only for that distress which she experienced during the time the discrimination and harassment were ongoing.

The pleadings before this Court do not establish that plaintiff's physical and mental conditions are in controversy. Therefore, the burden is on the defendant, who is seeking the physical and mental examination, to affirmatively show that plaintiff's physical and mental conditions are in controversy. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). The defendant has not satisfied its burden. Defendant has provided no adequate basis to support its request for an order requiring the plaintiff to submit to a physical and mental examination. Accordingly, the undersigned will not require the plaintiff to undergo such an intrusive procedure as a physical and mental examination under the circumstances. Therefore, defendant's motion for an order of physical and mental examination is **DENIED** (Court File No. 21).

The Court previously ruled upon defendant's motion for clarification of the Court's May 9, 2005 Order (Court File No. 31) and modified the order to provide that no expert medical testimony will be presented by the plaintiff and no treating physician will be called as a witness. Subsequent to the Court's order, the plaintiff responded to defendant's motion for clarification. Plaintiff affirms

3

she has no intention of calling an expert in this matter. However, plaintiff asserts that in the event defendant calls an expert, she still reserves the right to call rebuttal witnesses, including a medical witness. In addition, plaintiff contends that if her treating physician, Dr. Holsey, testifies to factual information in the deposition to be taken by defendant, then plaintiff is entitled to use the factual information for rebuttal purposes to rebut claims made by defendant. The Court agrees.

Accordingly, the Court's previous orders of May 9, 2005 (Court File No. 29), and May 11, 2005 (Court File No. 31), are **MODIFIED** to provide that plaintiff reserves the right to call rebuttal witnesses, including but not limited to her treating physician, to provide testimony that is needed to rebut claims made by defendant.

It has come to the Court's attention that its May 11, 2005 Order contains a typographical error. The Court's May 11, 2005 Order (Court File No. 31), is hereby **AMENDED** to delete the date
of May 5, 2005, and replace it with the date of May 9, 2005. The Order entered May 11, 2005, shall remain the same in all other respects and is incorporated herein fully by reference.

SO ORDERED.

ENTER:

    s/William B. Mitchell Carter
**WILLIAM B. MITCHELL CARTER**
**UNITED STATES MAGISTRATE JUDGE**

4